O’NIELL, C. J.
 

 Appellant was convicted of the crime of cutting a man named Burlin Efferson with a dangerous weapon with the intent to kill him. The record contains four bills of exception.
 

 The first bill was reserved to the court’s overruling an objection of the defendant’s attorney to a question put to a witness for the state by the district attorney, when he was introducing rebuttal evidence. The question was whether the witness saw a pistol in Burlin Efferson’s store when the witness went back into the store after the difficulty; the witness having testified that he went back into the store about SO minutes after the difficulty. The answer of the witness was, “No; I didn’t.” The objection made to the evidence was that it was not in rebuttal of any evidence introduced by the defense. The judge says in his per curiam, and according to his recollection, that the evidence was in rebuttal of evidence that had been introduced by the defense. The evidence is not in the record. The judge’s statement, therefore, must prevail over that of the attorney for the defense.
 

 The second bill of exception was taken to the court’s sustaining an objection by the district attorney to a question put to the state’s witness, Burlin Efferson, on cross-examination. The question was, whether the witness knew that the grand jury had not indicted the defendant for the crime for which he was being prosecuted. The bill of exception does not show what the district attorney’s objection was. We assume that the objection was that the record itself showed whether the prosecution was on a bill of indictment or a bill of information. It is said in the bill of exception that the purpose of the question was to test the credibility of the witness, who had sought to have the defendant indicted and had failed. If that was the purpose, the attorney should have asked the witness whether he had tried to have ¡the defendant indicted by the grand jury. The question that was asked was, as we have said, subject to the objection that the record itself showed whether the prosecution was based upon an indictment or a bill of information. The ruling was correct.
 

 The third bill of exception presents the same complaint that was made in the second bill, except that it relates to another witness for the state. The fourth bill was taken to the overruling of a motion for a new trial, in which motion appellant’s attorney merely repeated the complaints which we have already answered.
 

 The verdict and sentence are affirmed.